| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOUISIANA PELLETS, INC., et al.[1] | ) | Case No. 16-80162 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# MOTION TO APPROVE ASSUMPTION AND ASSIGNMENT PROCEDURES FOR CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Louisiana Pellets, Inc. ("LPI") and German Pellets Louisiana, LLC ("GPLA" and together with LPI, the "Debtors"), the debtors and debtors-in-possession in the above-captioned cases, hereby file, pursuant to sections 105(a) and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "FRBP"), this *Motion to Approve Assumption and Assignment Procedures for Certain Executory Contracts and Unexpired Leases* (the "Motion"). In support of this Motion, the Debtors state as follows:

## I.   JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Louisiana Pellets, Inc. (3369) and German Pellets Louisiana, LLC (3414). The location of the Debtors' corporate headquarters and service address is: 4915 Highway 125, Urania, Louisiana 71480.

connection herewith consistent with Article III of the United States Constitution.

2. Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Bankruptcy Code §§ 105(a) and 365 and FRBP 2002, 6006 and 9014

## II. BACKGROUND FACTS

### A. Introduction

4. On February 18, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of Louisiana (the "Court") commencing the above-captioned chapter 11 cases (the "Bankruptcy Cases").

5. The Debtors have continued in possession of their properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in these Bankruptcy Cases. An Official Committee of Unsecured Creditors (the "UCC") was appointed on March 15, 2016 (D.I. 80).

### B. The Need to Sell the Facilities and To Assign Certain Executory Contracts

*7.* As described in the *Expedited Motion for Entry of Orders: (I) Approving Bidding Procedures and Potentially Awarding Certain Protections and (II) Authorizing (A) the Sale of Substantially All of the Debtors' Assets, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [D.I. 575] (the "Bidding Procedures Motion") filed on January 18, 2017, the Debtors ask this Court to approve certain Bidding Procedures (as defined in the Bidding Procedures Motion) for the proposed auction (the "Auction") for the Debtors'

assets as well as a related bid protections for the Stalking Horse Bidder (as defined in the Bidding Procedures Motion), if any.[2] In connection with this sale process, Qualified Bidders at the Auction may also wish to take an assignment of various contracts and leases of the Debtors. For this reason, the Debtors are now filing this Motion in order to establish procedures that will govern the contract assumption-and-assignment process.

8. As outlined in the next section, the Debtors' proposed assumption and assignment procedures (the "Executory Contract Procedures") establish processes for notifying counterparties to the Debtors' contracts of those contracts' potential assumption and assignment under Bankruptcy Code § 365, for fixing the cure amounts necessary to assume those contracts, and for addressing any potential objections to the proposed assumption of those contracts that any party-in-interest may file (including without limitation to the cure amounts and/or to proposed assurance of future performance). These procedures will ensure that the counterparties to these contracts, among others, receive adequate notice and an opportunity to respond to the contracts' proposed assumption and assignment.

### III.   THE EXECUTORY CONTRACT PROCEDURES

9. The Debtors have various executory contracts and unexpired leases (collectively, the "Executory Contracts") that the successful bidder *may* wish to have assumed and assigned to it in connection with any potential purchase of the Debtors' assets. A list of these Executory Contracts is attached as **Exhibit "1"** to this Motion. In order to provide the counterparties to these Executory Contracts (collectively, the "Contract Counterparties") with adequate notice and an opportunity to respond to the possible assumption of the Executory Contracts while also

---

[2] All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Bidding Procedures Motion.

protecting the interests of the Debtors, other Qualified Bidders, and other parties-in-interest, the Debtors propose the following Executory Contract Procedures:

a) Within two (2) business days after this Court grants this Motion pursuant to an order in substantially the form of the Debtor's proposed *Order Granting Expedited Motion to Approve Assumption and Assignment Procedures for Certain Executory Contracts and Unexpired Leases* (the "Executory Contract Order") (a copy of which is included as **Exhibit "3"** to this Motion), the Debtors will file with this Court and serve either by first-class mail, electronic facsimile, e-mail, or overnight delivery service an "Assumption and Assignment Notice" (the "Assumption and Assignment Notice") on the following parties: (i) the Contract Counterparties, (ii) all entities known to have expressed an interest in the Debtors' assets being sold; (iii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon the assets to be sold; (iv) the Office of the United States Trustee for the Western District of Louisiana; (v) all creditors listed in the Debtors' Schedules; (vi) those parties who requested notice pursuant to Bankruptcy Rule 2002; (vi) the master mailing matrix in these Bankruptcy Cases; and (vii) such other additional creditors or parties in interest as identified by the Debtors (collectively, the "Service Parties").

b) A proposed draft of the Assumption and Assignment Notice is attached to this Motion as **Exhibit "2"**. The Assumption and Assignment Notice shall list the following information: (i) each Executory Contract of the Debtors, (ii) the name and address of the Contract Counterparty to the respective Executory Contract, (iii) the amount, if any, that the Debtors determine must be paid to cure any existing default in accordance with Bankruptcy Code §§ 365(b) and 365(f)(2) (the "Cure Amount" or collectively, the "Cure Amounts"), (iv) the proposed adequate assurance of future performance (the "Adequate Assurance"), and (v) the deadline by which any Contract Counterparty must file an objection to the proposed assumption and assignment of the Executory Contract. **Such deadline will be twenty-one (21) days after service of the Assumption and Assignment Notice.**

c) Pursuant to Bankruptcy Code §§ 365(b) and 365(f)(2), all objections to the proposed assumption and assignment of any Executory Contract must: (i) identify the Executory Contract that is the subject of the objection, (ii) to the extent that the objector disputes the Debtors' Cure Amount for a particular Executory Contract, describe with particularity the legal and factual basis for such dispute as well as the alleged amount, if any, necessary to cure any defaults under the Executory Contract (the "Cure Objection"), (iii) to the extent that the objector disputes the assumption and assignment of the Executory Contract based on any reason other than the Cure Amount, including based on a lack of Adequate Assurance, describe with particularity the basis of such objection, including, if appropriate, the form of Adequate Assurance that the objector believes should be received with respect to that Executory Contract before it may be assumed and assigned (the "Contract Objection"), (iv) include documents or other evidence supporting its Cure

4

NO:0104253/00008:187778v2

16-80162 - #592   File 02/06/17   Enter 02/06/17 15:43:30   Main Document   Pg 4 of 13

Objection and/or its Contract Objection, and (v) be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, be filed in the Bankruptcy Cases, and be served upon: (1) Debtors' Counsel (Locke Lord LLP, 601 Poydras Street, Suite 2660, New Orleans, Louisiana 70130, Attn: C. Davin Boldissar, Email: dboldissar@lockelord.com); (2) Counsel for Bond Trustee, Attn: Daniel S. Bleck, Mintz Levin Cohn Ferris Glovsky and Popeo PC, One Financial Center, Boston, MA 02111, E-mail: dsbleck@mintz.com; (3) the Debtors' Investment Banker, Attn: Nina Eschoo, Saltbox Partners, LLC, 41 East 11th Street, 11th Floor, New York, New York 10003, E-mail: eshoo@saltboxllc.com; (4) Counsel to the UCC, Attn: Mark Mintz, Jones Walker LLP, 201 St. Charles Ave., Ste. 5100, New Orleans, Louisiana 70170, E-mail: mmintz@joneswalker.com, (5) the Office of the United States Trustee for the Western District of Louisiana, Attn: Richard H. Drew, III, Trial Attorney, 300 Fannin Street, Suite 3196, Shreveport, Louisiana 71101, E-mail: richard.drew@usdoj.gov; and (6) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules (collectively, the "<u>Executory Contract Objection Requirements</u>").

d) If no party files a Cure Objection with respect to a particular Executory Contract by the deadline in the Assumption and Assignment Notice or if any filed Cure Objection does not strictly comply in all respects with the Executory Contract Objection Requirements, then (i) the Cure Amount in the Assumption and Assignment Notice shall constitute the sole amount necessary to cure any and all defaults under that Executory Contract for that Executory Contract to be assumed under Bankruptcy Code §§ 365(b) and 365(f)(2), despite anything to the contrary in the Executory Contract or any other document and (ii) the Contract Counterparty to such Executory Contract shall be forever barred from asserting any other claim arising prior to the assignment of such Executory Contract against the Debtors and/or any assignee to such Executory Contract.

e) If no party files a Contract Objection with respect to a particular Executory Contract by the deadline in the Assumption and Assignment Notice or if any filed Contract Objection does not strictly comply in all respects with the Executory Contract Objection Requirements, then (i) the promise to perform that Executory Contract provided by any proposed purchaser or assignee of such Executory Contract shall constitute sufficient Adequate Assurance for purposes of authorizing the assumption and assignment of that Executory Contract under Bankruptcy Code §§ 365(b) and 365(f)(2), (ii) the Contract Counterparty shall be forever barred from requesting any additional or further Adequate Assurance with respect to that Executory Contract; and (iii) the Contract Counterparty shall be barred from objecting to the proposed assumption and assignment with respect to that Executory Contract.

f) If a Cure Objection and/or a Contract Objection (together, an "<u>Executory Contract Objection</u>") is timely filed by the deadline in the Assumption and Assignment

5

Notice and that Executory Contract Objection complies with the Executory Contract Objection Requirements, then the Executory Contract Objection will be scheduled for a hearing before the Court on either the date and time of the Sale Hearing or at such earlier or later date and time as the Debtors and the objector may agree, or, if no agreement can be reached, as the Court may order upon either party's request. Notwithstanding the foregoing, this Executory Contract Objection does not have to be finally resolved for this Court to approve the Sale, and any such Executory Contract Objection will not otherwise impact the effectiveness of any Sale Order or the approval of the Sale, except that an Executory Contract subject to an Executory Contract Objection cannot be assumed and assigned under Bankruptcy Code § 365 until and/or if that Executory Contract Objection is finally resolved. Any Executory Contract not subject to a pending Executory Contract Objection will, as noted above, be assumed and assigned pursuant to the Sale Order and Bankruptcy Code § 365 (unless removed from the list of Executory Contracts as permitted under the Winning Bid APA).

g) The Winning Bidder at the Auction may, in strict accordance with the Winning Bidder's rights under the Winning Bid APA, request in writing that the Debtors remove Executory Contracts from the list of Executory Contracts the Winning Bidder wishes to have assumed and assigned to such Winning Bidder. Removing an Executory Contract from this list of Executory Contracts will moot any then pending Executory Contract Objection with respect to the removed Executory Contract, and such Executory Contract will not be assumed and assigned pursuant to the Sale Order and Bankruptcy Code § 365.

h) If prior to or following closing of the Sale to the Winning Bidder, it is discovered that a contract or lease of the Debtors should have been listed on **Exhibit "1"** to this Motion as an Executory Contract and was not, or if the Winning Bidder desires in its sole discretion to take an assignment of any unlisted contract or lease of the Debtors (including any contract or lease entered into after the Winning Bid APA) (any such contract or lease, a "Previously Omitted Executory Contract"), the Debtors shall promptly, following the discovery thereof or the receipt of notice from the Winning Bidder of its desire to take an assignment of such Previously Omitted Executory Contract (but in no event later than two (2) business days following the discovery thereof or receipt of such notice), notify the Winning Bidder in writing of such Previously Omitted Executory Contract and all amounts that must be paid to cure any existing default on such Omitted Executory Contract in accordance with Bankruptcy Code §§ 365(b) and 365(f)(2). The Winning Bidder shall then have five (5) business days following such notification to designate such Previously Omitted Contract as an Executory Contract that it desires to have assumed and assigned to the Winning Bidder pursuant to the Winning Bid APA and Bankruptcy Code §§ 365(b) and 365(f)(2). For each Previously Omitted Executory Contract so designated, the Debtors shall serve an additional Assumption and Assignment Notice with respect to such Previously Omitted Executory Contract (the "Previously Omitted Contract Notice") on the Service Parties (including on the Contract Counterparty to such Previously

Omitted Executory Contract) that contains all the information required for an Assumption and Assignment Notice under Paragraph 9(b) of this Motion, including without limitation the deadline to file an Executory Contract Objection, the Cure Amount, and the proposed Adequate Assurance. Thereafter, such Previously Omitted Executory Contract shall constitute an Executory Contract for all purposes as if such Previously Omitted Executory Contract had originally been listed on **Exhibit "1"** of this Motion as an Executory Contract, including without limitation with regard to the effect of filing (or failing to file) an Executory Contract Objection with respect to such Previously Omitted Executory Contract and the scheduling of any hearing on such Previously Omitted Executory Contract.

i) Notwithstanding the foregoing procedures, identifying a contract or lease of the Debtors as an Executory Contract shall not be deemed an admission by the Debtors that any such contract or lease constitutes an executory contract or unexpired lease or must be assumed and assigned under any Winning Bid APA or to consummate any Sale of the Debtors' assets.

## IV. RELIEF REQUESTED

10. By this Motion, the Debtors respectfully request entry of the proposed Executory Contract Procedures Order (a copy of which is attached as **Exhibit "3"** to this Motion) approving the proposed Executory Contract Procedures set forth in the previous section of this Motion as well as the form of the Assumption and Assignment Notice (a copy of which is attached as **Exhibit "2"** to this Motion.)

## V. BASIS FOR THE REQUESTED RELIEF AND AUTHORITIES IN SUPPORT

11. The Debtors believe that cause exists to approve the proposed Executory Contract Procedures. These procedures are reasonable and necessary to effectuate the sale process. They provide adequate notice and an opportunity for the Contract Counterparties and other Service Parties to respond to the possible assumption of the Executory Contracts while simultaneously protecting the interests of the Debtors, other Qualified Bidders, and other parties-in-interest.

**A. Bankruptcy Code § 365 Authorizes the Assumption and Assignment of the Executory Contracts.**

12. Bankruptcy Code sections 365(a) and (b) authorize debtors to assume, subject to

the Court's approval, executory contracts or unexpired leases of the Debtors. 11 U.S.C. § 365(a) and (b); *In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996). Under Bankruptcy Code section 365(a), a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Bankruptcy Code section 365(b)(l), in turn, codifies the requirements for assuming an unexpired lease or executory contract of a debtor, providing that:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
>
> (A) cures or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provide adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

13. The standard applied by a court in determining whether the assumption or rejection of an executory contract or unexpired lease pursuant to section 365(a) should be approved is the "business judgment" test, which requires debtors to determine that the requested assumption or rejection would be beneficial to its estate. *See*, *e.g.*, *In re Group of Institutional Investors, Inc. v. Chicago, Milwaukee St, Paul and Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("the question [of assumption] is one of business judgment"); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098-99 (2d Cir. 1993) (to decide a motion to assume the court must put itself in the position of the trustee and determine whether such assumption would be a good decision or a bad one).

14. Courts generally will not second-guess the debtors' business judgment concerning the assumption of an executory contract. *See In re Paolo Gucci*, 193 B.R. 411, 414 (S.D.N.Y. 1996); *see also Sharon Steel Corp. v. National Gas Fuel Distrib, Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989); *In re III Enter., Inc.*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) ("Generally, a court will give great deference to a debtor's decision to assume or reject an executory contract. Debtors need only show that their decision to assume or reject the contract is an exercise of sound business judgment—a standard which we have concluded many times is not difficult to meet.").

15. Further, debtors in possession may assign an executory contract or an unexpired lease assumed under § 365(a) provided that the cure amount is paid and the assignee provides adequate assurance of future performance—whether or not a default exists under the agreement. *See* 11 U.S.C. § 365(o)(2). Significantly, the assignee's financial health and experience in managing the type of enterprise or property assigned may, among other things, demonstrate adequate assurance. *See*, *e.g.*, *In re Bygaph, Inc.*, 56 B.R. 596. 605-06 (Bankr. S.D.N.Y. 1986) (stating that adequate assurance of future performance is present when the prospective assignee of a lease from the debtor has financial resources and has expressed willingness to devote sufficient funding to the business in order to give it a strong likelihood of succeeding). The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *EBG Midtown South Corp. v. McLaren/Hart Environmental Engineering Corp. (In re Sanshoe Worldwide Corp.)*, 139 B.R. 585, 592 (S.D.N.Y. 1992) (citations omitted), *aff'd*, 993 F.2d 300 (2d Cir. 1993).

16. In the present case, to the extent that a Winning Bidder seeks to have any Executory Contracts assigned to it, the assumption and assignment of such Executory Contracts

NO:0104253/00008:187778v2

will meet the business-judgment standard and satisfy the requirements of section 365 of the Bankruptcy Code. As mentioned above, the Debtors will provide notice to every Contract Counterparty of the potential assumption and assignment of their Executory Contracts in accordance with the Executory Contract Procedures. By means of these procedures, the Debtors will identify their Executory Contracts and fix any Cure Amounts owing to any Contract Counterparty that the Winning Bidder must pay upon closing of the Sale. These procedures create a fair mechanism for addressing any Contract Counterparty's objections to the proposed assumption of the Executory Contracts (including without limitation to the Cure Amounts and/or to the proposed Adequate Assurance). These Executory Contract Procedures will ensure that the Contract Counterparties, among others, receive adequate notice and an opportunity to respond to the proposed assumption and assignment of their contracts. Because the Debtors cannot obtain the benefits of the proposed Sale of their assets without the assumption and assignment of certain of these Executory Contracts, such assumption and assignment represents a sound exercise of the Debtors' business judgment.

17. Furthermore, for those Executory Contracts that the Winning Bidder ultimately decides to have assumed and assigned to it, the Winning Bidder will have agreed in connection with its Winning Bid to pay all Cure Amounts in connection with those Executory Contracts and provide Adequate Assurance of future performance. The Debtors expect that the Winning Bidder will present sufficient evidence at the Sale Hearing to establish that it can promptly cure the defaults under those Executory Contracts and provide Adequate Assurance of its ability to perform the obligations under any such Executory Contracts after the Sale closes. Accordingly, the Debtors submit that the assumption and assignment of the Executory Contracts as set forth herein should be approved.

18. To assist in the assumption, assignment and sale of certain identified Executory Contracts, the Debtors also request that the Court enter, as part of its Sale Order, language providing that any anti-assignment provisions in the Executory Contracts shall not restrict, limit or prohibit the assumption, assignment and sale of the Executory Contracts and finding that such restrictions constitute unenforceable anti-assignment provisions within the meaning of Bankruptcy Code section 365(f). A copy of the proposed Sale Order was included with the Bidding Procedures Motion.

19. Section 365(f)(1) of the Bankruptcy Code permits debtors to assign unexpired leases and contracts free from such anti-assignment restrictions, providing, in pertinent part, that:

> Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection ... .

11 U.S.C. § 365(f)(1).

20. Section 365(f)(1), by operation of law, invalidates provisions that prohibit, restrict, or condition assignment of an executory contract or unexpired lease. *See*, *e.g.*, *Coleman Oil Co., Inc. v. The Circle K Corp. (In re The Circle K Corp.)*, 127 F. 3d 904, 910-11 (9th Cir. 1997) ("no principle of bankruptcy or contract law precludes us from permitting the Debtors here to extend their leases in a manner contrary to the leases' terms, when to do so will effectuate the purposes of section 365"). Section 365(f)(3) goes beyond the scope of section 365(f)(l) by prohibiting enforcement of any clause creating a right to modify or terminate the contract or lease upon a proposed assumption or assignment thereof. *See*, *e.g.*, *In re Jamesway Corp.*, 201 B.R. 73 (Bankr. S.D.N.Y: 1996) (section 365(f)(3) prohibits enforcement of any lease clause creating a right to terminate a lease because it is being assumed or assigned, thereby indirectly barring assignment by debtor; all lease provisions, not merely those entitled anti-assignment clauses, are subject to

11

NO:0104253/00008:187778v2

court's scrutiny regarding anti-assignment effect).

### B. Cause Exists for Waiver of the Stay Imposed by Bankruptcy Rule 6006(d)

21. Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease. . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6006(d)

22. The Debtors request that any order entered pursuant to this Motion and/or authorizing an assignment of an Executory Contract be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6006 is inapplicable, so that the Debtors may proceed to assign the Executory Contract (and thereby close any proposed Sale) as expeditiously as possible and within the time frames contemplated by the Debtors and the Winning Bidder. Given the Debtors' need to complete a transaction expeditiously, the Debtors respectfully submit that it is in the best interests of their estates to assume and assign any Executory Contracts as soon as possible after all closing conditions have been met or waived. Accordingly, the Debtors hereby request that the Court eliminate the 14-day stay period under Bankruptcy Rule 6006(d).

## VI. NOTICE

23. Notice of this Motion is being provided to the Special Notice List as provided by this Court's Order dated May 3, 2016. (Doc. 269).

## VII. CONCLUSION AND RESERVATION OF RIGHTS

24. This Motion reflects the decision by the Debtors, in consultation with the UCC and the Bond Trustee, to seek this Court's approval of the Executory Contract Procedures. The Debtors believe that this Motion is justified and appropriate and request that the Court grant the relief outlined in it. Nevertheless, the Debtors also reserve the right to, *inter alia*, modify the relief sought in this Motion. Further, the Debtors also reserve their rights, in their sole discretion, to

amend, modify, or supplement this Motion and any of the arguments or concerns raised in this Motion at any time and, if necessary, to withdraw this Motion and/or to decline to seek approval for any sale of the Debtors' assets, at their sole discretion.

WHEREFORE, the Debtors respectfully request that the Court: **(I)** enter an order in substantially the form of the Executory Contract Procedures Order attached as **Exhibit "3"** to this Motion (a) authorizing and approving the Executory Contract Procedures and (b) approving the form of the Assumption and Assignment Notice attached as **Exhibit "2"** to this Motion; and **(II)** grant such other relief as the Court deems appropriate under the circumstances or at law or equity.

Dated: February 6, 2017                    Respectfully submitted,


    *C. Davin Boldissar*    \_
C. Davin Boldissar (La. #29094)
Bradley C. Knapp (La. # 35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 681-5211

**ATTORNEYS FOR LOUISIANA PELLETS, INC. AND GERMAN PELLETS LOUISIANA, LLC**

13